**ROPES & GRAY LLP**
John D. Donovan (*pro hac vice forthcoming*)
john.donovan@ropesgray.com
Robert A. Skinner (*pro hac vice*)
robert.skinner@ropesgray.com
Amy D. Roy (*pro hac vice*)
amy.roy@ropesgray.com
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951 7000
Fax: (617) 951 7050

**IRELL & MANELLA LLP**
David Siegel (101355)
dsiegel@irell.com
Glenn K. Vanzura (238057)
gvanzura@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 277 1010
Fax: (310) 203 7199

Attorneys for Defendant
METROPOLITAN WEST ASSET
MANAGEMENT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THOMAS J. KENNIS,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN WEST ASSET MANAGEMENT, LLC,<br><br>Defendant. | Case No. 2:15-cv-08162-GW-FFM<br><br>**DEFENDANT METROPOLITAN WEST ASSET MANAGEMENT LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: March 17, 2016<br>Time: 8:30 a.m.<br>Courtroom: 10<br>Judge: Hon. George H. Wu |

## I. INTRODUCTION

Defendant Metropolitan West Asset Management, LLC ("MetWest" or "Defendant") respectfully requests that the Court take judicial notice of the documents attached to the Declaration of Robert A. Skinner in Support of Defendant's Motion to Dismiss ("Skinner Declaration"), filed concurrently herewith. For the reasons set forth below, the Court may take judicial notice and consider the contents of these documents based on the incorporation by reference doctrine, Rule 201 of the Federal Rules of Evidence, and applicable case law.

## II. ARGUMENT

The exhibits attached to the Skinner Declaration are proper subjects of judicial notice and should be considered by the Court in connection with Defendant's Motion to Dismiss ("Motion to Dismiss"). Exhibits C, E, and G are expressly referenced in the Complaint and are therefore properly considered, in their entirety, because they are incorporated by reference into the Complaint. Exhibits A, B, D, F, and H–U, although not specifically referenced in the Complaint, are also properly subject to judicial notice because they (i) contain information upon which the plaintiff's claim necessarily depends; and/or (ii) are public records whose authenticity no party questions.

### A. Legal Standards

The Court may look beyond the pleadings to consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" without converting a Rule 12(b)(6) motion into one for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *accord Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (a court ruling on motion to dismiss "may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings").

right
**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:15-CV-08162-GW-FFM**

2

The incorporation by reference doctrine "permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (internal quotation marks omitted), *abrogated on other grounds by S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008); *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned."), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002). The Court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotation marks omitted). The Ninth Circuit has been liberal in its approach to the doctrine, permitting district courts to consider documents upon which a plaintiff's claim necessarily depends, even if the complaint does not expressly reference the contents of those documents. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("[I]f a plaintiff's claims are predicated upon a document, the defendant may attach the document to his Rule 12(b)(6) motion, even if the plaintiff's complaint does not explicitly refer to it."), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). The

incorporation by reference doctrine thus precludes plaintiffs "from surviving a 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino*, 146 F.3d at 705.

Further, Federal Rule of Evidence 201 permits the Court to consider judicially noticed documents on a motion to dismiss. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Under Rule 201, the Court may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Documents contained in the public record fall squarely within the parameters of Rule 201(b). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Indeed, Courts routinely take judicial notice of a company's public disclosures on file with the Securities and Exchange Commission (the "SEC"). *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (district court properly took judicial notice of corporate defendant's "reported stock price history and other publicly available financial documents, including a number of [the company's] SEC filings"); *Dreiling*, 458 F.3d at 946 n.2 (noting that SEC filings are subject to judicial notice); *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 943 F. Supp. 2d 1035, 1040 n.1 (C.D. Cal. 2013) ("The Court takes judicial notice of all SEC filings and publicly available financial documents under Rule of Evidence 201."); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007) ([T]he Court may properly take judicial notice of the SEC filings as public records of undisputed authenticity."). Likewise, court documents, such as pleadings, are properly subject to judicial notice. *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,

301 F.R.D. 487, 490 n.1 (C.D. Cal. 2014) (taking judicial notice of a complaint filed in another case as a "matter[] of public record"); *Haney v. Pac. Telesis Grp.*, No. CV00758AHMMANX, 2000 WL 33400194, at *2 n.4 (C.D. Cal. Sept. 19, 2000) ("[T]he Court may take judicial notice of the complaint from another case because a complaint is a matter of public record.").

**B.  The Proposed Documents are Judicially Noticeable**

Defendant seeks judicial notice of documents that fall into three categories: (1) public disclosures filed with the SEC (Exs. A–O, R, S, and U); (2) publicly available reports published by industry analyst Morningstar (Exs. P and T); and (3) a complaint filed in an unrelated federal district court case alleging "excessive" mutual fund fees in violation of Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b) (Ex. Q).  These documents are all properly subject to judicial notice because they are either (i) directly referenced by the plaintiff in the Complaint; (ii) contain information upon which the plaintiff's claim necessarily depends; and/or (iii) are public records whose authenticity no party questions.

Exhibits C, E, and G are explicitly referenced in the Complaint and are publicly available SEC filings related to the MetWest Total Return Bond Fund (the "Fund") at issue in this case.  Accordingly, it is appropriate for the Court to consider these exhibits in their entirety in connection with the Motion to Dismiss because they are incorporated into the Complaint by reference.  *See Tellabs*, 551 U.S. at 322; *Silicon Graphics*, 183 F.3d at 986; *Branch*, 14 F.3d at 454.  Having relied on these public disclosures in the Complaint, the plaintiff cannot now seek to block consideration of the same documents for purposes of the Motion to Dismiss.

Exhibits A, B, D, F, H–O, R, S, and U are public disclosures of the Fund and three plaintiff-identified comparator funds for which MetWest serves as sub-adviser (the "Sub-Advised Funds"), which were filed with the SEC and are available on the

| | |
|---|---|
| 1 | EDGAR website. The documents discuss the advisory and sub-advisory fees |
| 2 | charged to the Fund and the Sub-Advised Funds during the relevant time period, as |
| 3 | well as the funds' performance and the services the funds received in exchange for |
| 4 | those fees. Although these particular SEC disclosures are not directly referenced in |
| 5 | the Complaint, the Complaint discusses and heavily relies upon the Fund's |
| 6 | investment services and associated fees and expenses in comparison to the Sub- |
| 7 | Advised Funds. Accordingly, the plaintiff's claim necessarily depends upon the |
| 8 | data reflected in these disclosures, so they are incorporated into the Complaint by |
| 9 | reference. *See Knievel*, 393 F.3d at 1076; *Parrino*, 146 F.3d at 706. Indeed, the |
| 10 | Complaint states that its allegations are based on "a review of documents filed with |
| 11 | the Securities and Exchange Commission" (Compl. at 1), and thus the Complaint |
| 12 | references, and clearly relies on, those public filings. *See Plevy v. Haggerty*, 38 F. |
| 13 | Supp. 2d 816, 821 (C.D. Cal. 1998) (where the complaint stated that it was based on |
| 14 | "a review of the public filings and press releases of defendant," finding that the |
| 15 | complaint "does reference" defendant's SEC filings not cited or quoted from in the |
| 16 | complaint (internal quotation marks omitted)). Further, because the documents are |
| 17 | on file with the SEC, they are indisputably matters of public record, and therefore |
| 18 | judicially noticeable. *See Metzler*, 540 F.3d at 1064 n.7; *Dreiling*, 458 F.3d at 946 |
| 19 | n.2. |
| 20 | |
| 21 | Exhibits P and T are publicly available reports published by Morningstar, |
| 22 | comparing the Fund's fees and performance to those of its peer funds. Given that |
| 23 | there is no question as to the authenticity of these industry reports, it is appropriate |
| 24 | for the court to judicially notice them. *See In re LDK Solar Sec. Litig.*, 584 F. Supp. |
| 25 | 2d 1230, 1239 (N.D. Cal. 2008) (taking judicial notice of Piper Jaffray analyst |
| 26 | report that rated the performance and risk of company's securities); *Curran v.* |
| 27 | *Principal Mgmt. Corp., LLC*, No. 4:09-CV-00433, 2010 WL 2889752, at *1 n.1 |
| 28 | |

(S.D. Iowa June 8, 2010) (taking judicial notice of Morningstar report on motion to dismiss in a Section 36(b) case), *order vacated in part on reconsideration*, No. 4:09-CV-00433 RP-CFB, 2011 WL 223872 (S.D. Iowa Jan. 24, 2011); *see also Plevy*, 38 F. Supp. 2d at 821 (noting that "analysts' report may be proper subject matter for judicial notice"); *Ravens v. Iftikar*, 174 F.R.D. 651, 660-61 (N.D. Cal. 1997) (taking judicial notice of the NASDAQ Composite Index data and Westlaw reports of historical securities price and volume data).

Finally, Exhibit Q is a publicly filed complaint in an unrelated Section 36(b) action within the Ninth Circuit. As such, the Court should judicially notice it as a document in the public record. *See Amini Innovation*, 301 F.R.D. at 490 n.1; *Haney*, 2000 WL 33400194, at *2 n.4.

### III.  CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Court take judicial notice of all of the documents attached to the Skinner Declaration in conjunction with the Motion to Dismiss.

1  December 18, 2015         Respectfully submitted,
2
3                            **ROPES & GRAY LLP**
                             John D. Donovan, Jr. (*pro hac vice*
4                            *forthcoming*)
5                            Robert A. Skinner (*pro hac vice*)
                             Amy D. Roy (*pro hac vice*)
6
7                            **IRELL & MANELLA LLP**
                             David Siegel
8                            Glenn K. Vanzura
9
10                           By: */s/ Glenn K. Vanzura*
                                 Glenn K. Vanzura
11
12                           *Attorneys for Defendant Metropolitan
13                           West Asset Management, LLC*