1  **ROPES & GRAY LLP**
   John D. Donovan (*pro hac vice*)
2  john.donovan@ropesgray.com
   Robert A. Skinner (*pro hac vice*)
3  robert.skinner@ropesgray.com
   Amy D. Roy (*pro hac vice*)
4  amy.roy@ropesgray.com
   Prudential Tower
5  800 Boylston Street
   Boston, MA 02199
6  Tel: (617) 951 7000
7  Fax: (617) 951 7050

8  **IRELL & MANELLA LLP**
   David Siegel (101355)
9  dsiegel@irell.com
   Glenn K. Vanzura (238057)
10 gvanzura@irell.com
   1800 Avenue of the Stars, Suite 900
11 Los Angeles, CA 90067
   Tel: (310) 277 1010
12 Fax:  (310) 203 7199

13 Attorneys for Defendant
   METROPOLITAN WEST ASSET
14 MANAGEMENT, LLC

15

16            **UNITED STATES DISTRICT COURT**

17            **CENTRAL DISTRICT OF CALIFORNIA**

18                 **WESTERN DIVISION**

19

20

21 THOMAS J. KENNIS,                  ) Case No. 2:15-cv-08162-GW-FFM
                                      )
22        Plaintiff,                  ) **DEFENDANT METROPOLITAN**
                                      ) **WEST ASSET MANAGEMENT LLC'S**
23        v.                          ) **ANSWER AND AFFIRMATIVE**
                                      ) **DEFENSES TO COMPLAINT**
24 METROPOLITAN WEST ASSET            )
   MANAGEMENT, LLC,                   )
25                                    )
26        Defendant.                  )
                                      )
27 _____)

28

## ANSWER TO COMPLAINT

Defendant Metropolitan West Asset Management, LLC ("Defendant" or "MetWest") answers Plaintiff Thomas J. Kennis' complaint (the "Complaint") as follows.   Except as otherwise expressly admitted, Defendant denies each and every allegation in paragraphs 1 through 99 of the Complaint, including, without limitation, the headings, subheadings, tabular illustrations, footnotes, and exhibits contained in the Complaint.   To the extent that any response is required to headings or other unnumbered paragraphs in the Complaint, Defendant denies all allegations contained therein.   Defendant expressly reserves the right to amend and/or supplement its Answer.

## OVERVIEW OF ACTION

1.   Defendant admits that Plaintiff purports to bring this action against Defendant under Section 36(b) of the Investment Company Act of 1940 ("ICA").

2.   Defendant admits that it serves as the sponsor and investment adviser to the Metropolitan West Total Return Bond Fund (the "MetWest Fund" or "Fund").   Defendant further admits that, pursuant to an Investment Management Agreement (the "IMA"), it receives a management fee at the annual rate set forth in the Fee Schedule attached as Appendix A to the IMA as compensation for investment management and advisory services furnished to the Fund.

3.   The allegation of Paragraph 3 states a legal conclusion to which no answer is required.

4.   Defendant denies the allegations of Paragraph 4.

5.   Defendant denies the allegations of Paragraph 5.

6.   Defendant denies the allegations of Paragraph 6.

7.   Defendant denies the allegations of Paragraph 7.

8.   Defendant admits that the contractual advisory fees for the Fund for the fiscal year ending March 31, 2008 were $13,494,172, reduced by Defendant by an amount of $155,516 due to expense limitations and fee waivers.  Defendant

admits that the contractual advisory fees for the Fund for the fiscal year ending March 31, 2015 were $140,478,557, reduced by Defendant by an amount of $189,006 due to expense limitations and fee waivers.  Defendant denies the remaining allegations of Paragraph 8 in the form and manner alleged, except Defendant states that the allegations concerning the percentage difference between the Fund's advisory fees for the fiscal years ending March 31, 2008 and March 31, 2015 consist of mathematical calculations that speak for themselves.

9.     Defendant denies the allegations of Paragraph 9.

10.     Defendant denies the allegations of Paragraph 10.

11.     Defendant admits that Plaintiff purports to bring this action for the purposes claimed in Paragraph 11, but denies the remaining allegations of Paragraph 11 and specifically denies that the Fund is charged excessive and unlawful investment advisory fees in violation of Section 36(b) of the ICA.

**JURISDICTION AND VENUE**

12.     The allegation of Paragraph 12 states a legal conclusion to which no answer is required.

13.     The allegations of Paragraph 13 state legal conclusions to which no answer is required.

14.     Defendant admits it is a California limited liability company with its principal offices at 865 South Figueroa Street, Los Angeles, California 90017. Defendant states that the remaining allegations of Paragraph 15 state legal conclusions to which no answer is required.

**PARTIES**

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and thus denies those allegations.

16.     Defendant admits it is organized as a California limited liability company.  Defendant further admits it is a wholly owned subsidiary of TCW

1   Asset Management Company, a California corporation and registered investment

2   adviser, which in turn is a wholly owned subsidiary of the TCW Group, Inc., a

3   Nevada corporation.

4         17.   Defendant admits its principal offices are at 865 South Figueroa

5   Street, Los Angeles, California 90017.

6                    **SUBSTANTIVE ALLEGATIONS**

7         18.   Defendant admits that the Fund is a series of an open-end

8   management investment company ("mutual fund") registered under the ICA.

9         19.   Defendant admits that the Fund is organized as a series of the

10   Metropolitan West Funds (the "Trust"), an open-end management investment

11   company organized as a Delaware statutory trust on December 9, 1996 and

12   registered under the ICA, which at the time the Complaint was filed consisted of

13   nine separate series, including the Fund.

14        20.   Defendant admits that the Fund is an investment vehicle made up of a

15   pool of assets, consisting primarily of a portfolio of securities, which belongs to

16   the investors who own shares in the Fund.

17        21.   Defendant admits that the Declaration of Trust for the Trust permits

18   the Trust's Board of Trustees ("Board") to issue an unlimited number of full and

19   fractional shares of beneficial interest and to divide or combine the shares into a

20   greater or lesser number of shares without thereby changing the proportionate

21   beneficial interest in each individual fund within the Trust.  Defendant further

22   admits that shares issued by the Fund may be redeemed by shareholders for a *pro*

23   *rata* interest in the Fund's underlying portfolio of securities (less any fees and

24   liabilities).  Defendant is without knowledge or information sufficient to form a

25   belief as to the truth of the allegation in Paragraph 21 that Plaintiff is an investor

26   in the Fund and thus denies that allegation.

27        22.   Defendant admits that the management and operations of a mutual

28   fund are typically externalized and contractually delegated to its investment

adviser.  Defendant denies that the Fund has no officers or employees.  Defendant states that it provides highly qualified professionals satisfactory to the Board to act as officers and employees of the Fund.  Defendant further admits that it provides the Fund with office space and equipment reasonably necessary for the operation of the Fund.  Defendant further admits that the operation of the Fund is under the direction of the Board, which has delegated the day-to-day activities of the Fund to Defendant and other service providers.  Defendant denies the remaining allegations of Paragraph 22.

23.   Defendant admits that it serves as the investment adviser to the Fund pursuant to the IMA and in that capacity is responsible for managing the Fund's portfolio of securities.  Defendant denies that portfolio services are the only services it performs for the Fund pursuant to the IMA.

24.   Defendant admits that the Fund receives certain services from third-party service providers, including custodian, transfer agent, accounting, distribution, legal, and other services.  Defendant denies that any affiliate of Defendant performs services to the Fund other than services provided under the IMA.  Defendant further denies that Defendant provides no services to the Fund other than portfolio management.  Defendant denies the remaining allegations of Paragraph 24 in the form and manner alleged.

25.   Defendant admits that the operations of the Fund are under the direction of the Board.  Defendant further admits that in 2014, the Board consisted of nine trustees.  Defendant states that at the time the Complaint was filed, the Board consisted of eight trustees, six of whom were independent.

26.   Defendant admits that at the time the Complaint was filed, the operations of nine separate series that made up the Trust, including the Fund, were under the direction of the Board.

27.     Defendant admits that the Board, among other things, oversees and reviews the management of the Fund, as well as oversees the services provided by Defendant.  Defendant denies the remaining allegations of Paragraph 27.

28.     Defendant admits that it provides wide-ranging investment management and advisory services to the Fund pursuant to the IMA dated February 6, 2013 between the Trust, on behalf of the Fund, and Defendant. Defendant further admits that at the time the Complaint was filed, the IMA's most recent amendment was dated June 26, 2013.

29.     Defendant states that the document referenced in Paragraph 29 is in writing and speaks for itself.

30.     Defendant states that the document referenced in Paragraph 30 is in writing and speaks for itself.  Defendant denies that the quoted portions of the document are the only material descriptions of Defendant's obligations as the Fund's investment adviser.

31.     Defendant states that the document referenced in Paragraph 31 is in writing and speaks for itself.

32.     Defendant states that the document referenced in Paragraph 32 is in writing and speaks for itself.

33.     Defendant admits that the Fund is team-managed with a generalist/specialist structure.  Defendant further admits that it employs an array of highly qualified personnel to provide the Fund a full range of investment management services.  Defendant denies the remaining allegations of Paragraph 33 in the form and manner alleged.

34.     Defendant admits that Tad Rivelle, Stephen M. Kane, Laird Landmann and Bryan T. Whalen are the Fund's portfolio managers.  Defendant denies the remaining allegations of Paragraph 34 in the form and manner alleged.

35.     The allegations of Paragraph 35 state legal conclusions to which no answer is required.

36.     Defendant admits that it provides the Fund, without limitation, administrative, compliance, legal, operational, accounting, and other middle and back office services, as well as oversight of third-party service providers. Defendant further admits that on top of day-to-day portfolio management, it bears the responsibility of ensuring compliance with regulatory and legal requirements. Defendant denies the remaining allegations of Paragraph 36 in the form and manner alleged.

37.     Defendant states that the document referenced in Paragraph 37 is in writing and speaks for itself.

38.     Defendant admits that at the time the Complaint was filed, the Fund's advisory fee rate was 0.35%.  Defendant denies the remaining allegations of Paragraph 38 in form and manner alleged.

39.     Defendant admits that the contractual advisory fees for the fiscal year ending March 31, 2015 were $140,478,557, reduced by Defendant by an amount of $189,006 due to expense limitations and fee waivers.

40.     Defendant admits that it provides a narrow set of portfolio services to mutual funds whose primary advisers contracted with Defendant to serve as sub-adviser.

41.     Defendant admits that it provides sub-advisory services to the AZL MetWest Total Return Bond Fund (the "AZL Fund") and the Consulting Group Capital Markets Core Fixed Income Investments Fund (the "CGCM Fund"). Defendant further admits that TCW Investment Management Company ("TWC"), a MetWest sister company, serves as sub-adviser to the Columbia Active Portfolios Multi-Manager Core Plus Bond Fund (the "Columbia Fund") (collectively, the "Sub-Advised Funds").

42.     Defendant admits that the AZL Fund is sponsored by Allianz Investment Management LLC ("Allianz").  Defendant further admits that the CGCM Fund is sponsored by Consulting Group Advisory Services LLC

("Consulting Group"). Defendant further admits that the Columbia Fund is sponsored by Columbia Management Investment Advisers, LLC ("Columbia").

43. Defendant admits that the Sub-Advised Funds are open-end management investment companies or series registered under the ICA.

44. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and on that basis denies the allegations.

45. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and on that basis denies the allegations.

46. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and on that basis denies the allegations.

47. Defendant admits that it serves as sub-adviser to the AZL Fund pursuant to a sub-advisory agreement between Defendant and Allianz in exchange for sub-advisory fees. Defendant further admits that it serves as sub-adviser to the CGMC Fund pursuant to a sub-advisory agreement between Defendant and Consulting Group in exchange for sub-advisory fees. Defendant further admits that TCW serves as sub-adviser of the Columbia Fund pursuant to a sub-advisory agreement between TCW and Columbia in exchange for sub-advisory fees. Defendant denies the remaining allegations of Paragraph 47.

48. Defendant admits it receives sub-advisory fees from Allianz and Consulting Group for providing sub-advisory services to the AZL Fund and the CGMC Fund, respectively. Defendant further admits that TCW receives sub-advisory fees from Columbia in exchange for the sub-advisory services rendered to the Columbia Fund.

49. Defendant denies the allegations of Paragraph 49.

50.     Defendant denies the allegations of Paragraph 50, except Defendant states that the documents referenced in Paragraph 50 are in writing and speak for themselves.

51.     Defendant denies the allegations of Paragraph 51, except Defendant states that the documents referenced in Paragraph 51 are in writing and speak for themselves.

52.     Defendant admits that Tad Rivelle, Stephen M. Kane, Laird Landmann and Bryan T. Whalen serve as portfolio managers of the Fund and the Sub-Advised Funds.  Defendant denies the remaining allegations of Paragraph 52 in the form and manner alleged.

53.     Defendant denies the allegations of Paragraph 53.

54.     The allegations of Paragraph 54 state legal conclusions to which no answer is required.

55.     Defendant denies the allegations of Paragraph 55.

56.     Defendant denies the allegations of Paragraph 56.

57.     Defendant admits that at the time the Complaint was filed, the Fund and the Sub-Advised Funds paid advisory and/or sub-advisory fees as follows:

| Fund | Sub-Advisory Fee to MetWest | Advisory Fee to MetWest | Advisory Fee to Primary Adviser | Total |
| --- | --- | --- | --- | --- |
| AZL Fund | 0.10% - 0.18% | - | 0.37% - 0.45% | 0.55% |
| CGCM Fund | 0.20% | - | 0.20% | 0.40% |
| Columbia Fund | 0.05% - 0.18% | - | 0.23% - 0.36% | 0.41% |
| **MetWest Fund** | **-** | **0.35%** | **-** | **0.35%** |

Defendant denies the remaining allegations of Paragraph 57 in the form and manner alleged.

58.     Defendant denies the allegations of Paragraph 58 in the form and manner alleged.

1  59.    Defendant denies the allegations of Paragraph 59.

2  60.    Defendant denies the allegations of Paragraph 60 in the form and

3  manner alleged.

4  61.    Defendant admits that as of March 31, 2008, the Fund's aggregate net

5  assets were approximately $5,760,368,993 and approximately $64,296,760,370 as

6  of March 31, 2015.  Defendant further admits that as of August 31, 2015, the

7  Fund's aggregate net assets were approximately $67,419,359,014.

8  62.    Defendant admits that the contractual advisory fees for the Fund for

9  the fiscal year ending March 31, 2008 were $13,494,172, reduced by Defendant

10  by an amount of $155,516 due to expense limitations and fee waivers.  Defendant

11  further admits that the contractual advisory fees for the Fund for the fiscal year

12  ending March 31, 2015 were $140,478,557, reduced by Defendant by an amount

13  of $189,006 due to expense limitations and fee waivers.  Defendant denies the

14  remaining allegations of Paragraph 62 in the form and manner alleged, except

15  Defendant states that the allegations concerning the percentage difference between

16  the Fund's advisory fees for the fiscal years ending March 31, 2008 and March 31,

17  2015 consist of mathematical calculations that speak for themselves.

18  63.    Defendant denies the allegations of Paragraph 63.

19  64.    Defendant denies the allegations of Paragraph 64.

20  65.    Defendant denies the allegations of Paragraph 65.

21  66.    Defendant denies the allegations of Paragraph 66, except Defendant

22  admits that at the time the Complaint was filed, the sub-advisory fee rate

23  Defendant charged for providing sub-advisory services to the AZL Fund was

24  0.18% on the first $500 million of average daily net assets and 0.10% thereafter.

25  67.    Defendant denies the allegations of Paragraph 67, except Defendant

26  admits that potential economies of scale can be shared in a number of ways,

27  including, but not limited to, the use of breakpoints, fee reductions and waivers,

28

1   offering low fees from inception, or making investments in personnel and
2   infrastructure to enhance services to a fund and its shareholders.

3       68.     Defendant states that the allegation of Paragraph 68 is a legal
4   argument that does not require an answer, but to the extent that it does, Defendant
5   denies the allegation.

6       69.     Defendant admits that at the time the Complaint was filed, the
7   Fund's advisory fee rate was 0.35%, which speaks for itself.

8       70.     Defendant denies the allegations of Paragraph 70.

9       71.     Defendant denies the allegations of Paragraph 71.

10      72.     The allegations of Paragraph 72 state legal conclusions to which no
11  answer is required, but to the extent that one is, the Board does conduct an annual
12  approval process of the IMA and the fees paid thereunder by the Fund to
13  Defendant.

14      73.     Defendant denies the allegations of Paragraph 73.

15      74.     Defendant admits that at the time the Complaint was filed, the
16  independent trustees that served on the Board were sophisticated businesspersons
17  with a wealth of professional experience and included then-current and former
18  executives of public companies, investment management firms, and a non-profit
19  organization.  Defendant denies the remaining allegations of Paragraph 74 in the
20  form and manner alleged.

21      75.     Defendant admits that at the time the Complaint was filed, the Board
22  directed the operations of nine separate series that made up the Trust, including
23  the Fund.  Defendant further admits that the Board approved the renewal of the
24  IMA in effect at the time the Complaint was filed between the Trust, on behalf of
25  each series, and Defendant.   Defendant denies the remaining allegations of
26  Paragraph 75 in the form and manner alleged.

27      76.     Defendant denies the allegations of Paragraph 76, except Defendant
28  admits that the Board evaluated information provided by Defendant, among

information provided from other sources, before approving the renewal of the IMA in effect at the time the Complaint was filed.

77.     Defendant denies the allegations of Paragraph 77.

78.     Defendant denies the allegations of Paragraph 78, except Defendant admits that before the Board approved the renewal of the IMA in effect at the time the Complaint was filed, the Board received information regarding the advisory fees paid by and services provided to institutional and sub-advisory clients of Defendant with similar investment mandates as the Fund.

79.     Defendant denies the allegations of Paragraph 79 in the form and manner alleged, except Defendant admits that the Board approved the renewal of the IMA in effect at the time the Complaint was filed.

80.     Defendant denies the allegations of Paragraph 80 in the form and manner alleged.

81.     Defendant denies the allegations of Paragraph 81 in the form and manner alleged, except that Defendant admits that the IMA in effect at the time the Complaint was filed did not contain a "most favored nation" provision.

82.     Defendant denies the allegations of Paragraph 82, except Defendant admits that the Board approved the renewal of the IMA in effect at the time the Complaint was filed.

83.     Defendant denies the allegations of Paragraph 83, except Defendant admits that the Board approved the renewal of the IMA in effect at the time the Complaint was filed.

84.     Defendant denies the allegations of Paragraph 84.

85.     Defendant denies the allegations of Paragraph 85 in the form and manner alleged.

86.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and thus denies those allegations.

87.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and thus denies those allegations.

88.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and thus denies those allegations.

89.    Defendant admits that, rather than imposing separate fees and charges on shareholders, the Fund pays Defendant's advisory fees out of the Fund's net assets.  Defendant denies the remaining allegations of Paragraph 89 in the form and manner alleged.

90.    Defendant denies the allegations of Paragraph 90.

91.    Defendant denies the allegations of Paragraph 91.

<h1 style="text-align:center">COUNT I</h1>

92.    Defendant denies the allegations of Paragraph 92.

93.    Defendant admits that Plaintiff purports to assert this claim for the purposes stated in Paragraph 93.

94.    Defendant admits that Defendant serves as the investment adviser to the Fund pursuant to the IMA.

95.    Allegation of Paragraph 95 states a legal conclusion to which no answer is required.

96.    Defendant denies the allegations of Paragraph 96.

97.    Defendant denies the allegations of Paragraph 97.

98.    Defendant denies the allegations of Paragraph 98, except Defendant admits that Plaintiff purports to assert this claim for the purposes stated in Paragraph 98.

99.    Defendant denies the allegations of Paragraph 99, except Defendant admits that Plaintiff purports to assert this claim for the purposes stated in Paragraph 99.

## PRAYER FOR RELIEF

The allegations in Plaintiff's "Prayer for Relief" contain legal conclusions to which no answer is required.  To the extent a response is required, Defendant denies all allegations contained in the unnumbered paragraphs of Plaintiff's "Prayer for Relief."

## JURY TRIAL DEMANDED

Defendant admits that Plaintiff purports to demand a trial by jury.

## AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses to the Complaint, reserving the right to timely raise such additional affirmative defenses as may be appropriate in light of the developments in this action:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendant.   The Complaint fails to allege particularized facts demonstrating that the advisory fees paid by the Fund to Defendant "could not have been the product of arm's length bargaining."  *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 346 (2010).

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff purports to assert a claim on behalf of any share classes of the Fund other than the share class in which he purportedly holds, Plaintiff lacks standing to assert such a claim.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and the one-year "look-back" statutory limitation on damages included in Section 36(b) of the ICA.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff may not obtain rescission under Section 47(b) of the ICA, 15 U.S.C. § 80a-46(b), because rescission is not available as a remedy for purported violations of Section 36(b).  Furthermore, Section 47(b) provides that a contract violative of the ICA is "unenforceable by either *party*" (emphasis supplied), and Plaintiff, as a nonparty to the IMA, has no standing to pursue a request for relief of rescission.  Moreover, the Complaint contains none of the allegations that would be required under Fed. R. Civ. P. 23.1 and state law to assert a claim for rescission on behalf of the Fund.  Consequently, Plaintiff's claim for rescission is barred.

**FIFTH AFFIRMATIVE DEFENSE**

At the time Plaintiff purportedly first became a shareholder of the Fund, he was or should have been aware that an advisory fee equal to that now in effect had been approved by a majority of the Board of Trustees of the Fund.  Plaintiff was thus fully informed of all material facts concerning his investment in the Fund and knowingly entered into the investment.  Plaintiff, by virtue of his continued purported ownership of shares in the Fund, and consequent receipt of information concerning the performance, fee schedules and total expense ratios of the Fund over the course of time, has continued to be fully informed of all material facts pertaining to Defendant's receipt of compensation paid on behalf of the Fund for services provided to the Fund.  On this basis, Plaintiff's claims are therefore barred, in whole or in part, by the doctrine of laches, wavier, estoppel, unclean hands, ratification, disclosure and/or consent.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant acted at all times and in all respects in good faith and with due care.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to a jury trial.  *In re Evangelist*, 760 F.2d 27, 30–31 (1st Cir. 1985); *In re Gartenberg*, 636 F.2d 16, 18 (2d Cir. 1980); *Kamen v.*

*Kemper Fin. Servs., Inc.*, 908 F.2d 1338, 1351 (7th Cir. 1990) (holding that plaintiff was not entitled to a jury trial because "the combination of a fiduciary duty with a restitutionary remedy in § 36(b) continues to put this statute on the equitable side of the constitutional line"), *rev'd on other grounds*, 500 U.S. 90, 95 n.3 (1991).


June 30, 2016                                    Respectfully submitted,

                                            **ROPES & GRAY LLP**
John D. Donovan, Jr. (*pro hac vice*)
Robert A. Skinner (*pro hac vice*)
Amy D. Roy (*pro hac vice*)

**IRELL & MANELLA LLP**
David Siegel
Glenn K. Vanzura


By: */s/* Glenn K. Vanzura
       Glenn K. Vanzura

*Attorneys for Defendant Metropolitan
West Asset Management, LLC*