J. MICHAEL HENNIGAN  (SBN 59491)
hennigan@mckoolsmithhennigan.com
MIKE MCKOOL  (*Admitted Pro Hac Vice*)
mmckool@McKoolSmith.com
MCKOOL SMITH HENNIGAN, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 694-1200
Facsimile:   (213) 694-1234

ZWERLING, SCHACHTER & ZWERLING, LLP
ROBIN F. ZWERLING (pro hac vice)
rzwerling@zsz.com
JEFFREY C. ZWERLING (pro hac vice)
jzwerling@zsz.com
SUSAN SALVETTI (pro hac vice)
ssalvetti@zsz.com
ANDREW W. ROBERTSON (pro hac vice)
arobertson@zsz.com
ANA M. CABASSA-TORRES (pro hac vice)
acabassa@zsz.com
41 Madison Avenue
New York, NY 10010
Telephone:  (212) 223-3900
Facsimile:  (212) 371-5969

Attorneys for Plaintiff Thomas J. Kennis

*McKool Smith Hennigan, P.C.*
*Los Angeles, California*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. KENNIS,<br><br>     Plaintiff,<br><br>  v.<br><br>METROPOLITAN WEST ASSET<br>MANAGEMENT, LLC<br><br>     Defendant. | Case No. 2:15-CV-08162 GW (FFMx)<br><br>Hon. George H. Wu<br><br>**JOINT STATEMENT RE PHASE 1<br>DISCOVERY SCHEDULE**<br><br>Complaint Filed:  October 16, 2015 |

1   On June 16, 2016, the Court ordered phased discovery in this action, with the

2   first phase ("Phase 1") focused on the allegations by Plaintiff Thomas J. Kennis

3   ("Plaintiff") that Defendant Metropolitan West Asset Management, LLC

4   ("Defendant" or "MetWest") performs the same or substantially the same services for

5   the Metropolitan West Total Return Bond Fund (the "Fund") as it does for the

6   Subadvised Funds.  On July 21, 2016, the Court set a schedule for Phase 1, with fact

7   discovery cutoff on November 4, 2016, expert discovery cutoff on January 13, 2017,

8   and hearing on a motion for summary judgment on March 2, 2017.

9   Through this joint statement, the parties respectfully request that the Court

10  extend the discovery schedule.  Plaintiff and Defendant agree that the discovery

11  schedule should be extended, but disagree about the appropriate length of the

12  extension.  Specifically, Plaintiff proposes March 17, 2017 as the new fact discovery

13  cutoff, while Defendant proposes January 4, 2017 as the new fact discovery cutoff,

14  with other dates to be reset in accordance with the new schedule.  The bases for the

15  parties' respective positions are set forth below.

16  **<u>Plaintiffs' Position</u>**

17  The schedule should be extended to provide Plaintiff with the appropriate time

18  needed to review the voluminous documents recently produced by Defendant, to meet

19  and resolve any differences regarding that production, to follow up on third-party

20  discovery and to take the depositions needed to establish the facts pertinent to Phase 1.

21  Plaintiff proposes March 17, 2016 as the revised discovery cutoff, with additional

22  dates to be reset in accordance with the new schedule.  Plaintiff believes that Phase 1

23  discovery can be completed by that date provided that the remaining document

24  productions and depositions are completed in a timely manner, and that review of the

25  documents produced does not reveal any issues with the production or lead to the need

26  for additional discovery.

27  The Court originally set the current schedule at the July 21, 2016 scheduling

28  conference.  Plaintiff served document requests on July 27, 2016, and Defendant

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA

-1-

responded on August 22, 2016.  Defendant's production of documents did not begin in earnest, however, until after the September 8, 2016 hearing on the scope of Phase 1 discovery, in the face of a discovery cutoff of November 4, 2016.  In opposing Plaintiff's motion regarding the scope of discovery, Defendant stated that it believed its production would be "thousands of pages."  Defendant MetWest's Mem. in Opp. to Mot. re Scope of Phase 1 Discovery, p. 11:20-23.  In fact, though, MetWest produced more than 1 million pages, most of it at the very end of the discovery period, within the past few weeks.  Then, ten days *after* the discovery cutoff, Defendant made a production on November 14, 2016.  Defendant has not yet indicated whether its production is complete.[1]

Defendant's productions are set forth in the chart below.

| Date of Production | Number of pages |
|---|---|
| August 5, 2016 | 332 |
| September 2, 2016 | 7932 |
| September 20, 2016 | 173,236 |
| October 7, 2016 | 17,509 |
| October 21, 2016 | 526,654 |
| October 28, 2016 | 443,823 |
| November 14, 2016 | 23,336 |

Plaintiff also timely served five third-party subpoenas,[2] but has only recently received responses from three third parties and is awaiting productions from two

---

[1]   Defendant states that it used an agreed list of search terms to conduct electronic searches.  That is not correct.  When Plaintiff proposed modifications to Defendant's list of search terms to capture documents relating to the Subadvised Funds, Defendant indicated that they were doing independent searches for Subadvised Fund documents and Plaintiff agreed to defer discussion of additional search terms.   Plaintiff understands that Defendant completed its electronic searches using its own search terms and custodians it selected.

[2]   Starting on August 23, 2016, Plaintiff made various attempts to serve a third-party subpoena on Consulting Group Advisory Services, LLC.  The third-party subpoena was finally served on October 26, 2016.

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

others.[3]  Despite Plaintiff's best efforts, document production has taken more time than contemplated, is far more voluminous than anticipated, and is not yet complete.

Once the document productions have been completed, Plaintiff will need to do the following:

*Review Documents.*  Plaintiff will review the voluminous productions.  Given the size of the productions, that process alone will take at least several weeks and, more likely, months to complete.

*Assess the Need for Additional Document Requests or Motions to Compel.*  In reviewing the documents produced and Defendant's responses to interrogatories, Plaintiff will consider whether the document productions include the documents they have requested and assess whether additional document requests or motion practice will be needed to ensure that Plaintiff obtains the information relevant to Phase 1.

Plaintiff will also need to consider whether Phase 1 should be expanded to include additional financial information regarding the Funds and the Subadvised Funds.  Although the Court agreed to Defendant's request to limit Phase 1 discovery, the Court indicated that it would be open to expanding Phase 1:

> So what I am saying is that let's have the first round, let's
> see what the differences and similarities are.  If there comes
> a point where it appears that the financial expenditures come
> into play in some way, shape or form, then I can understand
> that perhaps maybe I will order further discovery on that.

September 8, 2016 Transcript, p. 14:3-8.  From the documents reviewed, it already appears that MetWest's financial and profitability information about the Fund and the Subadvised Funds is not only relevant, but also is likely readily accessible.  Plaintiff

---

[3] One third party, Allianz Investment Management, LLC, has stated that it will not produce documents until the protective order in this case is entered.  Plaintiff requests that the Court enter that order.

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

will need to further consider this issue, meet and confer and engage in any necessary motion practice on this and any other issues that may arise in reviewing the discovery.

**Depositions.**  Finally, Plaintiff will take depositions.

While Plaintiff intends to expedite discovery, there is not sufficient time to complete Phase 1 discovery by January, as Defendant has proposed.  The Court previously acknowledged that the November 4 discovery cutoff date was "soft" and could be revised.  September 8, 2016 Transcript, p. 16:8-12.  It is clear now that the schedule has become unrealistic.  If further review and meet and confer efforts are completed expeditiously, Plaintiff believes that discovery can be completed by March. Plaintiff proposes March 17, 2016 as the new discovery cutoff, with other dates to be reset in accordance with the new schedule.

## Defendant's Position

MetWest respectfully submits that a two-month extension of Phase 1 deadlines will be adequate, with a new fact discovery cutoff of January 4, 2017.  Plaintiff's requested extension of four-and-a-half months essentially doubles the period the Court contemplated for Phase 1 discovery and is therefore not in line with the need to complete discovery expeditiously.  Further, MetWest requests that Plaintiff be required to identify promptly the individuals he intends to depose.

MetWest has made massive efforts and expended substantial resources to make timely document productions in response to Plaintiff's broad requests.  As a result of those efforts, MetWest has produced well over a million pages of documents over the course of eight weeks.  The majority of those documents are in the form of electronically stored information ("ESI").[4]  That ESI was captured by search terms negotiated by the parties, the majority of which were demanded by Plaintiff.[5]  In

---

[4] In addition to ESI, MetWest produced discrete sets of documents Plaintiff requested, which are maintained by MetWest not in the specific files of any custodian.

[5] Contrary to Plaintiff's understanding reflected *supra* n.1 – that MetWest completed its electronic searches using only its search terms – MetWest did in fact apply each of

-4-

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

1  addition, MetWest agreed to conduct targeted ESI searches for documents responsive

2  to Plaintiff's requests for all exchanges between MetWest and each of the Subadvised

3  Funds.  Given the breadth of Plaintiff's document requests and search demands, and

4  his insistence on expanding the scope of discovery to 11 Subadvised Funds rather than

5  the three identified in his Compliant, he cannot be heard now to complain about the

6  volume of material produced.

7  During September and October 2016, a combined document review team of

8  Ropes & Gray lawyers and external contract review attorneys working under Ropes &

9  Gray's supervision (comprising approximately 62 lawyers for much of this period)

10  reviewed massive numbers of documents.  As a result, MetWest made a series of

11  productions totaling 1,192,822 pages.  At Plaintiff's request, MetWest also prioritized

12  in early September the production of certain categories Plaintiff's counsel insisted

13  were of most interest to them, including documents provided to the Board in

14  connection with its oversight of the services provided to the Fund; Investment

15  Management Agreements between MetWest and MetWest Funds; subadvisory

16  agreements between MetWest and primary advisers to the Subadvised Funds; relevant

17  agreements with third party service providers, including custodial, fund

18  administration, and transfer agency agreements; committee charters; organizational

19  charts; compliance policies; valuation procedures; and office space leases.  Indeed,

20  MetWest produced more than 180,000 pages of these prioritized materials by

21  September 20, 2016, within two weeks of the September 8, 2016 hearing regarding the

22  scope of Phase 1 discovery.  MetWest then continued with the ESI review resulting

23  from the negotiated search strings, substantially completed document production on

24  October 28, 2016 (98%), and produced the final 2% on November 14, 2016.

25

26  the additional 18 search strings proposed by Plaintiff to its ESI review, in addition to
27  the nine comprehensive search strings initially proposed by MetWest.  Accordingly,
Plaintiff's suggestion that he needs extra time in order to assess the need for additional
document requests rings hollow given that every search term proposed by Plaintiff
28  was adopted and Plaintiff has not identified a single deficiency in MetWest's
productions other than attempting to re-litigate the scope of Phase 1 discovery.

-5-

1  Meanwhile, Plaintiff has made a single production, consisting of 37 pages of
2  miscellaneous excerpts from MetWest's public documents.

3      With respect to the five subpoenas Plaintiff has addressed to third parties, two
4  of the productions are relatively small in volume, comprising 3,786 and 5,980 pages,
5  respectively, and MetWest anticipates the remaining productions will be similar.[6]
6  Further, Plaintiff waited until October 26, a week before the close of fact discovery
7  under the current schedule, to serve a third-party subpoena on Consulting Group
8  Advisory Services, LLC, primary adviser to one of the Subadvised Funds named in
9  the Complaint.  Accordingly, third party productions do not warrant a large expansion
10 of the fact discovery period.

11     The two-month extension proposed by MetWest should more than suffice to
12 allow Plaintiff to depose individuals knowledgeable about the services that the Fund
13 and the Subadvised Funds receive from MetWest.  Despite having months to plan
14 depositions, Plaintiff's counsel have stated they are unable to tell MetWest how many
15 depositions they intend to take, and of whom.  It is now time for Plaintiff to devote the
16 resources necessary to pursue his claims, as MetWest has done all along.  He should
17 tell MetWest and the Court how many depositions he needs and who the deponents
18 are, so that the parties can schedule and prepare for the same.  To extend discovery by
19 four-and-a-half months to accommodate what should be a handful of depositions is
20 unnecessary.

21
22
23
24
25
26
27

28

---

[6] MetWest has yet to receive one of the third-party productions, from the adviser to
the Bridge Builder Core Plus Bond Fond.

JOINT STATEMENT RE PHASE 1 DISCOVERY SCHEDULE          Case No. 2:15-CV-08162 GW (FFMx)
59769557_1

1    MetWest recognizes that its proposed schedule includes several holiday

2 periods, and it will of course work in good faith to accommodate the related schedules

3 of counsel and deponents accordingly.

4

5 DATED:  November 22, 2016          Respectfully submitted,

6

7                                                   **McKOOL SMITH HENNIGAN, P.C.**
                                                     **ZWERLING, SCHACHTER**
8                                                    **& ZWERLING, LLP**

9

10                                                  By:    _/s/ J. Michael Hennigan_
                                                            J. Michael Hennigan
11                                                          Attorneys for Plaintiff

12

13 DATED:  November 22, 2016          **ROPES & GRAY LLP**
                                         **IRELL & MANELLA LLP**
14

15

16                                                  By:    _/s/ Glenn K. Vanzura_
                                                            Glenn K. Vanzura
17                                                          Attorneys for Defendant

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT RE PHASE 1 DISCOVERY SCHEDULE          Case No. 2:15-CV-08162 GW (FFMx)
59769557_1