1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| THOMAS J. KENNIS,<br><br>          Plaintiff,<br><br>     v.<br><br>METROPOLITAN WEST ASSET<br>MANAGEMENT, LLC,<br><br>          Defendant. | ) Case No. 2:15-cv-08162 GW (FFMx)<br>)<br>) **MODIFIED STIPULATED**<br>) **PROTECTIVE ORDER**<br>)<br>) NOTE CHANGES MADE BY COURT<br>)<br>)<br>)<br>)<br>)<br>) |

1.   A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of all non-public information of a personal or private nature (financial or otherwise) and all non-public information of a proprietary, financial, technical and/or commercially sensitive nature of any sort, including but not limited to:

    a) Materials prepared for or provided to any audit committee, governance committee, or board of trustees;

    b) Trade secrets and other proprietary technical, research, and development information;

    c) Compliance, regulatory, personnel, and administrative information;

d) Commercial, financial, budgeting, and accounting information;

e) Information about existing and potential customers;

f) Marketing studies, projections, and market performance information;

g) Information about business strategies, decisions, and negotiations;

h) Information relating to sales and marketing;

i) Financial records such as profit and loss information;

j) Marketing and strategic planning information (including, but not limited to, market share and marketing segment information);

k) Proprietary information about affiliates, parents, and subsidiaries;

l) Information pertaining to third persons with whom a Producing Party has had or is maintaining a business relationship;

m) Any personal information such as Social Security Numbers, health information, employment information or personal financial data;

n) Credit information of individuals or entities;

o) Personnel records or other personal or financial information of the Producing Party or its employees, or of third parties;

p) Proprietary commercial or business information including, but not limited to, client, customer or shareholder names and client, customer or shareholder lists or account information; and

q) Proprietary business procedures, manuals, or policies.

Accordingly, in order to expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated

1   without a good faith belief that it has been maintained in a confidential, non-public

2   manner, and there is good cause why it should not be part of the public record of

3   this case.

4

5   2.   <u>DEFINITIONS</u>

6       2.1   <u>Action</u>: *Kennis v. Metropolitan West Asset Management, LLC*, No.

7   2:15-cv-08162-GW-FFM (C.D. Cal.)

8       2.2   <u>Challenging Party</u>:   a Party or Non-Party that challenges the

9   designation of information or items under this Order.

10       2.3   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of

11   how it is generated, stored or maintained) or tangible things that qualify for

12   protection under Federal Rule of Civil Procedure 26(c), and as specified above in

13   the Good Cause Statement.

14       2.4   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as

15   their support staff).

16       2.5   <u>Designating Party</u>:  a Party or Non-Party that designates information

17   or items that it produces in disclosures or in responses to discovery as

18   "CONFIDENTIAL."

19       2.6   <u>Disclosure or Discovery Material</u>:   all items or information,

20   regardless of the medium or manner in which it is generated, stored, or maintained

21   (including, among other things, testimony, transcripts, and tangible things), that

22   are produced or generated in disclosures or responses to discovery in this matter.

23       2.7   <u>Expert</u>:   a person with specialized knowledge or experience in a

24   matter pertinent to the litigation who has been retained by a Party or its Counsel to

25   serve as an expert witness or as a consultant in this Action.

26       2.8   <u>House Counsel</u>:   attorneys who are employees of a Party to this

27   Action.  House Counsel does not include Outside Counsel of Record or any other

28   outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.11    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party

/ / /

1  must promptly notify all other Parties that it is withdrawing the inapplicable

2  designation.

3      5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided

4  in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

5  stipulated or ordered, Disclosure or Discovery Material that qualifies for

6  protection under this Order must be clearly so designated before the material is

7  disclosed or produced.

8      Designation in conformity with this Order requires:

9      (a)   for information in documentary form (e.g., paper or electronic

10  documents, but excluding transcripts of depositions or other pretrial or trial

11  proceedings), that the Producing Party affix at a minimum, the legend

12  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

13  contains Protected Material.

14      (b)   for testimony given in depositions ~~or in other pretrial or trial~~

15  ~~proceedings~~, that the Designating Party identify on the record, before the close of

16  the deposition, hearing, trial, or other proceeding, all protected testimony.  When

17  it is impractical to identify separately each portion of testimony that is entitled to

18  protection and it appears that substantial portions of the testimony may qualify for

19  protection, the Designating Party may invoke on the record (before the deposition,

20  ~~hearing, trial, or other proceeding~~ is concluded) a right to have up to 21 days to

21  identify the specific portions of the testimony as to which protection is sought.

22  Only those portions of the testimony that are appropriately designated for

23  protection within the 21 days shall be covered by the provisions of this Stipulated

24  Protective Order.   Alternatively, a Designating Party may specify, at the

25  deposition, ~~hearing, trial, or other proceeding,~~ or up to 21 days afterwards if that

26  period is properly invoked, that the entire transcript shall be treated as

27  "CONFIDENTIAL."

28  / / /

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix the "CONFIDENTIAL" legend in a prominent place on the exterior of the container or containers in which the information is stored.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>.  The parties, third parties, or non-parties must make every attempt to resolve any dispute regarding designations under this Order without court involvement pursuant to Civil Local Rule 37-1.

6.3     If the parties cannot resolve a challenge without court intervention, they shall follow the procedure set forth in Civil Local Rule 37-2.

6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating

1   Party has waived or withdrawn the confidentiality designation, all parties shall
2   continue to afford the material in question the level of protection to which it is
3   entitled under the Producing Party's designation until the Court rules on the
4   challenge.

5

6   7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7        7.1   Basic Principles.  A Receiving Party may use Protected Material that
8   is disclosed or produced by another Party or by a Non-Party in connection with
9   this Action solely for prosecuting, defending, or attempting to settle this Action.
10  Such Protected Material may be disclosed only to the categories of persons and
11  under the conditions described in this Order.   When the Action has been
12  terminated, a Receiving Party must comply with the provisions of section 13
13  below (FINAL DISPOSITION).

14       Protected Material must be stored and maintained by a Receiving Party at a
15  location and in a secure manner that ensures that access is limited to the persons
16  authorized under this Order.

17       7.2   Disclosure of "CONFIDENTIAL" Information or Items.   Unless
18  otherwise ordered by the Court or permitted in writing by the Designating Party, a
19  Receiving  Party  may  disclose  any  information  or  item  designated
20  "CONFIDENTIAL" only to:

21       (a)   the Receiving Party's Outside Counsel of Record in this Action, as
22  well as employees of said Outside Counsel of Record to whom it is reasonably
23  necessary to disclose the information for this Action;

24       (b)   the officers, directors, and employees (including House Counsel) of
25  the Receiving Party to whom disclosure is reasonably necessary for this Action;

26       (c)   Experts (as defined in this Order) of the Receiving Party to whom
27  disclosure is reasonably necessary for this Action and who have signed the
28  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel, who shall not be required to sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

1      (c)    cooperate with respect to all reasonable procedures sought to be

2  pursued by the Designating Party whose Protected Material may be affected.

3      If the Designating Party timely seeks a protective order, the Party served

4  with the subpoena or court order shall not produce any information designated in

5  this action as "CONFIDENTIAL" before a determination by the court from which

6  the subpoena or order issued, unless the Party has obtained the Designating

7  Party's permission.  The Designating Party shall bear the burden and expense of

8  seeking protection in that court of its confidential material and nothing in these

9  provisions should be construed as authorizing or encouraging a Receiving Party in

10  this Action to disobey a lawful directive from another court.

11

12  9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>

13      <u>PRODUCED IN THIS LITIGATION</u>

14      (a)    The terms of this Order are applicable to information produced by a

15  Non-Party in this Action and designated as "CONFIDENTIAL."  Such

16  information produced by Non-Parties in connection with this litigation is protected

17  by the remedies and relief provided by this Order.  Nothing in these provisions

18  should be construed as prohibiting a Non-Party from seeking additional

19  protections.

20      (b)    In the event that a Party is required, by a valid discovery request, to

21  produce a Non-Party's confidential information in its possession, and the Party is

22  subject to an agreement with the Non-Party not to produce the Non-Party's

23  confidential information, then the Party shall:

24      (1)    promptly notify in writing the Requesting Party and the Non-

25  Party that some or all of the information requested is subject to a confidentiality

26  agreement with a Non-Party;

27  / / /

28  / / /

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested: and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to serve on all Parties a written objection or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use reasonable efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

If a Producing Party produces or discloses information which it claims is subject to attorney-client privilege, attorney work product protection or other applicable privilege or protection from disclosure, the procedures shall be governed by Fed. R. Civ. P. 26(b)(5)(B).  The production or disclosure of such information shall not operate as a waiver of the applicable privilege or protection if the Producing Party demonstrates to the Court that the requirements of Fed. R. Evid. 502(b) have been met, or the Parties agree that the production or disclosure was inadvertent. Pursuant to Federal Rule of Evidence 502(d), any documents which are disclosed between the parties in the Action despite any claims that they are either privileged or work product protected shall not act as a waiver of the claim that the documents are either privileged or work product protected in any other federal or state proceeding.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected

Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.  **FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1   14.    Any violation of this Order may be punished by any and all appropriate

2   measures including, without limitation, contempt proceedings and/or monetary

3   sanctions.

4   DATED: November 23, 2016          /S/ FREDERICK F. MUMM

5                                          Hon. Frederick F. Mumm
                                       United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on November 23, 2016 in the case of *Thomas J. Kennis v. Metropolitan West Asset Management, LLC*, Case No. 2:15-cv-08162-GW-FFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____