MATTHEW L. LARRABEE (SBN 97147)
matthew.larrabee@dechert.com
DAVID A. KOTLER (*pro hac vice*)
david.kotler@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 698-3500
Facsimile:   (212) 698-3599

Attorneys for Non-Party Disinterested Trustees of the MetWest Funds

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. KENNIS,<br><br>  Plaintiff,<br><br>  v.<br><br>METROPOLITAN WEST ASSET MANAGEMENT, LLC,<br><br>  Defendant. | Case No. 2:15-cv-08162-GW-FFM<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>Courtroom:  10<br>Judge:  Hon. George H. Wu<br><br>Discovery Cutoff:  May 25, 2018<br>Pretrial Conference:  Nov. 15, 2018<br>Trial Date:  Nov. 27, 2018<br><br>Complaint Filed:  October 16, 2015 |

Pursuant to L.R. 37-2.3, the Independent Trustees respectfully submit this supplemental memorandum of law in opposition to the Motion (ECF No. 194).[1]

## PRELIMINARY STATEMENT

The Motion should be denied because Plaintiff cannot show a proper legal or factual basis to recognize a "fiduciary exception" to the attorney-client privilege with respect to the Independent Trustees' indisputably privileged communications with their indisputably independent legal counsel. As the Independent Trustees explained in the Joint Stipulation, Supreme Court and Ninth Circuit precedent dictates that the fiduciary exception *only* can be applied when two "justifying rationales" are met: a duty of full disclosure, and a de facto attorney-client relationship between plaintiff and the trustee's counsel. *See* Joint Stipulation (ECF No. 194) at 9-10 (relying on *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 174 (2011) and *United States v. Mett*, 178 F.3d 1058, 1065 (9th Cir. 1999)). The Independent Trustees further demonstrated that their service as mutual fund independent trustees pursuant to the Funds' declaration of trust, and under the applicable federal and state law, fails to trigger the application of either of the requisite "justifying rationales." *Id.* at 11-19. The Motion fails on this basis alone.

The Motion further fails, as the Independent Trustees also demonstrated, because the *Kenny* decision upon which Plaintiff's Motion solely rests does not provide a reasoned (or any) basis to grant the Motion. *Kenny* is an unreasoned decision of first impression that does (and should do) no more than bind the parties before that court. Further, *Kenny* was predicated on fundamental errors that this Court need not endorse or replicate. First, *Kenny* did not even assess whether the two "justifying rationales" applied in the mutual fund independent trustee context. That alone is reason to discredit *Kenny*. Second, this foundational error led the court to err again. Specifically, *Kenny* was decided based upon a different test that

---

[1] Terms not otherwise defined herein shall have their meaning in the Joint Stipulation.

-1-

would dramatically expand the fiduciary exception – a test that the Supreme Court *rejected* – *i.e.*, whether the mutual fund was "set up as a trust." *Kenny v. Pacific Inv. Mgmt. Co.*, 2016 WL 6836886, at *4 (W.D. Wash. Nov. 21, 2016). This, too, is reason for this Court not to follow *Kenny*. Finally, *Kenny* also erroneously placed the burden on the independent trustees to *disprove* a fiduciary exception when it was plaintiff who bore the burden to establish the existence of one, a critical error given that the court explicitly found plaintiff made no such showing.

This supplemental memorandum amplifies the discussion of Plaintiff's failure to meet his burden of proof and his inability to demonstrate good (or any) cause to support the extraordinary relief his Motion seeks: a full piercing of the non-party Independent Trustees' attorney-client privilege, which would only serve to chill attorney-client communications that the Independent Trustees and the SEC agree benefit the Fund's shareholders.

## ARGUMENT

### I. PLAINTIFF DID NOT MEET HIS REQUIRED BURDEN TO PIERCE THE INDEPENDENT TRUSTEES' ATTORNEY-CLIENT PRIVILEGE

As the "person[s] withholding subpoenaed information under a claim that it is privileged," the Independent Trustees had the burden to "expressly make the claim" and "describe the nature of the withheld document … in a manner that … will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). It is undisputed that they did so and met their burden. Accordingly, disclosure of their privileged communications cannot be compelled absent an applicable exception.

It is also well-established that the burden to demonstrate a privilege exception lies squarely with the party seeking disclosure, who must come forward with evidence supporting the exception's predicates. *Mett*, 178 F.3d at 1064. *Accord United States v. Zolin*, 491 U.S. 554, 572 (1989) (noting that an "evidentiary showing … is required ultimately to overcome the privilege"); *In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996) (noting that "it isn't enough for the

-2-

DECHERT LLP

government to merely allege that is has a sneaking suspicion"; "the district court must find 'reasonable cause to believe'" that the predicates for the crime-fraud exception are met). Equally clearly, the time for Plaintiff to proffer all of the evidence he has to meet his burden was when the Joint Stipulation was filed. *See* L.R. 37-2.2 (requiring that "all declarations and exhibits to be offered in support of the moving party's position" must be part of the joint stipulation).

The critical evidence that Plaintiff was obligated to offer with the Joint Stipulation was proof that the "justifying rationales" giving rise to the fiduciary exception recognized in ERISA and common-law trust disputes are present in the relationship between mutual fund independent trustees and the thousands of shareholders who regularly buy and sell shares. Plaintiff offered no such evidence in the Joint Stipulation, which requires that the Motion be denied.[2] Plaintiff's failure of proof cannot be remedied belatedly under the plain language of L.R. 37-2.2. More fundamentally, there simply is no basis on which Plaintiff could have made this required showing. As the Independent Trustees established in the Joint Stipulation, neither rationale even remotely harmonizes with the relationship between them, their Independent Counsel, and the Fund's shareholders pursuant to federal law, state law, and the language of the trust. Specifically, the Motion could only be granted by finding that the Independent Trustees have (i) a duty of full disclosure, *which they do not*, and (ii) a pass-through agency relationship with individual shareholders in the nine funds across the MetWest Trust complex, each with differing and potentially conflicting interests – *which they also do not*. The Motion therefore must fail.

---

[2] The only evidence that Plaintiff offered is a spreadsheet showing that Independent Counsel's legal fees are paid by the funds in the MetWest Trust. As the Independent Trustees explained, the fact that a client's legal fees are paid by another entity does not alone vitiate the client's attorney-client privilege. Joint Stipulation at 11 n.11.

-3-

SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION    Case No. 2:15-CV-08162-GW-FFM
TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

## II. PLAINTIFF HAS NOT SHOWN CAUSE TO JUSTIFY THE EXTRAORDINARY RELIEF HE SEEKS

As the Independent Trustees also explained in the Joint Stipulation, application of the fiduciary exception would have critical, negative practical implications for the Independent Trustees' ability to perform their statutory "watchdog" role over MetWest. Accordingly, even if the Court were to find Plaintiff's argument persuasive, it should ensure that the attorney-client privilege maintains "viability" by holding that the Independent Trustees are not "barred from asserting it merely because those demanding information enjoy the status of stockholders." *Garner v. Wolfinbarger*, 430 F.2d 1093, 1103 (5th Cir. 1970).

A number of courts accomplish this "balancing of interests between injury from disclosure and the benefit gained in the correct disposal of litigation" by requiring that the disclosure-seeking party prove "why [the privilege] should not be invoked in the particular instance." *Id.* at 1101-1103. Among the "many [relevant] indicia" of "good cause," as it is called, that courts consider are:

> the number of shareholders [pursuing relief] and the percentage of stock they represent; … ; the nature of the shareholders' claim and whether it is obviously colorable; the apparent necessity or desirability of the shareholders having the information and the availability of it from other sources; … the extent to which the communication is identified versus the extent to which the shareholders are blindly fishing ….

*Id.* at 1104.

One court has already applied "good cause" to deny a similar motion in a Section 36(b) lawsuit. *Chill v. Calamos Advisors LLC*, 2017 WL 1478123, at *3 (N.D. Ill. Apr. 25, 2017). *Chill* denied disclosure because the plaintiffs "failed to demonstrate the necessity of the information and its unavailability from other sources." *Id*. The court further explained that "'unavailability' means more than whether these *specific privileged documents* are not available elsewhere—of

-4-

DECHERT LLP

course they are not. Instead, a plaintiff must demonstrate that information for this lawsuit is otherwise unavailable," meaning "what Plaintiffs expect the privileged documents to show, how they are important for their case, and why the information contained therein cannot be discovered from nonprivileged sources." *Id.* at *4.

This Court can apply the "good cause" requirement in an issue of first-impression before it, *see Sprengel v. Mohr*, 2012 WL 12885115, at *6 (C.D. Cal. Sept. 14, 2012) (noting that "[t]he Ninth Circuit has not decided whether it will follow *Garner*"), and, in the event the Court is inclined to consider the fiduciary exception despite Plaintiff's failure of proof, we respectfully submit it should do so, since Plaintiff has provided no cause to overcome the privilege. Plaintiff is a single shareholder of one fund among nine in the MetWest Trust, and he is demanding unfettered access to privileged communications pertinent to the entire fund complex from non-parties charged with no misconduct. He did not even assert, let alone explain, why those communications contain information necessary to proving his claims against MetWest, nor why the information is unavailable from other, non-privileged sources. Indeed, it would be difficult to imagine how he could in light of the voluminous discovery available to him, including thousands of pages of board materials and the depositions of two Independent Trustees. This is far from a situation where the privilege should be sacrificed for a higher good.

## CONCLUSION

Plaintiff has offered no basis to abrogate the Independent Trustees' attorney-client privilege. The "justifying rationales" for a fiduciary exception are absent here. *Kenny* provides no basis for extending its ruling to this lawsuit. Plaintiff has not demonstrated good cause to invade the Independent Trustees' privileged communications with their counsel. Any weakening of the privilege will have real and serious consequences for the Independent Trustees, which ultimately will harm Fund shareholders. The Motion should be denied.

|     |                                              |
| --- | -------------------------------------------- |
| 1   | By   */s/ Matthew L. Larrabee* |
| 2   |       Matthew L. Larrabee |
|     | **Dechert LLP** |
| 3   | David A. Kotler (*pro hac vice*) |
| 4   | 1095 Avenue of the Americas |
|     | New York, NY 10036-6797 |
| 5   | Tel.: (212) 698-3500 |
| 6   | Fax:  (212) 698-3599 |

*Attorneys for Non-Party Disinterested Trustees of the MetWest Trust*