UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8162-GW(FFMx) | Date | February 21, 2019 |
|---|---|---|---|
| Title | *Thomas J. Kennis v. Metropolitan West Asset Management, LLC* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:    IN CHAMBERS - ORDER**

Attached hereto is the Court's Tentative Ruling on Plaintiff's Motion to Reconsider January 22, 2019 Order Granting Defendant's Application to Seal Trial Transcripts. Counsel are to be prepared to discuss at tomorrow's hearing.

:

Initials of Preparer    JG

***Kennis v. Metropolitan West Asset Management, LLC***; Case No. 2:15-cv-08162-GW-(FFMx)
Tentative Ruling on Plaintiff's Motion to Reconsider January 22, 2019 Order Granting Defendant's Application to Seal Trial Transcripts

      The Court previously signed a proposed order proffered by Defendant, ruling that certain portions of the trial transcripts would be redacted for compelling reasons shown in Defendant's application to seal the transcripts. *See* Order on Defendant's Application for Leave to File Records Under Seal in Connection with Trial Transcripts, Docket No. 437. Plaintiff filed a motion to reconsider the Court's order. *See* Plaintiff's Motion to Reconsider January 22, 2019 Order Granting Defendant's Application to Seal Trial Transcripts ("Motion"), Docket No. 439. Defendant filed an opposition. *See* Defendant's Opposition to Plaintiff's Motion to Reconsider January 22, 2019 Order Granting Defendant's Application to Seal Trial Transcripts ("Opp'n"), Docket No. 457.

      In Plaintiff's three-page MTR, he argues that redaction of the trial transcripts is not appropriate. *See* MTR at 2. Plaintiff asserts that the Court previously granted Defendant's *limited* request to preclude certain dollar amounts of profit sharing with Portfolio Managers and the public display on the monitors of documents with those dollar amounts, but if Defendant wished the Court to shield other material from the public it should have move *before* trial rather than after. *See id.* Plaintiff points out that the Pre-Trial Order "does not govern the use of Protective Material at trial" and instead, "[a]ny use of Protected Material at trial shall be governed by the orders of the trial judge . . . ." *See* Modified Stipulated Protective Order, Docket No. 81. Plaintiff further argues that financial information is the center of any § 36(b) lawsuit and that many public decisions discuss an adviser's profitability. *See id.* at 3. In addition, Plaintiff argues that Defendant's proposed order that was signed sought more relief than the initial application requested, providing for redactions to afternoon transcripts in the motion but also to morning transcripts in the proposed order. *See id.* at 1. Plaintiff also argues that the Court lacked his opposition to the application to seal when making a decision. *See id.*

      In Opposition, Defendant argues that the MTR should be denied for failure to actually establish a basis for reconsideration under L.R. 7-18 and for failure to comply with meet-and-confer requirements under L.R. 7-3. *See* Opp'n at 1 n.1. Defendant assert that the parties have routinely permitted parties to seal certain confidential information in this case based on the harm that Defendant would face if that information were publicly available. *See id.* at 2. Defendant further argues that only sought to redact limited information from the transcripts, rather than attempting to keep the transcripts sealed in their entirety. *See id.* at 3. Defendant makes a number of other arguments throughout the Opposition, and it points to numerous decisions where district courts sealed limited portions of trial transcripts in a similar manner as was requested here. *See* Opp'n at 8 n.3 (collecting cases).

The Court recognizes that Plaintiff failed to meet-and-confer[1] under L.R. 7-3, which gives reason for the Court to decline to consider the MTR. *See* L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 [which included the meet-and-confer requirement] through 7-8"). Also, Plaintiff cites to no specific basis for reconsideration under L.R. 7-18 other than merely citing to the local rule as a whole. *See generally* MTR; MTR Opp'n. The Court would discuss the MTR with the parties at the February 22, 2019 and make a ruling from the bench.

---

[1] Based on Defendant's representations and Plaintiff's lack of reply asserting otherwise, the Court would conclude that Plaintiff failed to meet-and-confer. *See* Opp'n at 1 n.1; *see also* Declaration of Jonathan Ference-Burke ¶ 15, Docket No. 457-1.